CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 18 2006

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LEWIS LYONS,<br>    Petitioner, | Civil Action No. 7:06CV00035 |
| v. | **MEMORANDUM OPINION** |
| FEDERAL BUREAU OF PRISONS,<br>    Respondent. | By: Hon. Glen E. Conrad<br>United States District Judge |

The petitioner, Lewis Lyons, a federal inmate proceeding pro se, filed this action as a petition for writ of habeas corpus under 28 U.S.C. § 2241. The petition is presently before the court on the respondent's motion to dismiss. For the following reasons, the court will grant the respondent's motion.

## Background

Lyons is presently incarcerated at United States Penitentiary - Lee in Jonesville, Virginia. He executed the instant petition on January 11, 2006. In the petition, Lyons alleged that he had been housed in administrative detention for two months without any notice or hearings, in violation of the federal regulations pertaining to inmate discipline, 28 C.F.R. §§ 541.10-541.23. Lyons requested an order directing the prison to release him from administrative detention.

The respondent filed a motion to dismiss on April 24, 2006. The following day, the court issued a Roseboro notice directing Lyons to submit any additional response to the respondent's motion within twenty days. Because the twenty-day period has now expired, the respondent's motion is ripe for review.

## Discussion

The respondent argues that Lyons's claims are now moot, because he was released from administrative detention on January 30, 2006. See Resp. Ex. A, ¶ 7. Generally, "a case is moot

when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). Thus, when changes occur during the course of litigation that eliminate the petitioner's interest in the outcome of the case or the petitioner's need for the requested relief, the case must be dismissed as moot. See Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) ("[O]ne such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim."). Here, Lyons requested an order directing the prison to release him from administrative detention. Since Lyons has already obtained the relief he requested, the court agrees with the respondent that Lyons's claims are now moot.

The court also notes that Lyons failed to exhaust available administrative remedies prior to filing this petition.* It is well established that a federal prisoner must first exhaust administrative remedies before seeking review in federal court under § 2241. See Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981); McClung v. Shearin, 90 Fed. Appx. 444, 445 (4th Cir. 2004). Failure to exhaust may only be excused by a showing of cause and prejudice. McClung, 90 Fed. Appx. at 445. In this case, prison records indicate that Lyons has not ever utilized the Bureau of Prisons' administrative remedy process, Resp. Ex. A, ¶ 5, and Lyons has offered no reason to excuse his default.

---

*The Bureau of Prisons has established a multi-tiered administrative remedy process through which an inmate may seek formal review of issues that relate to any aspect of his confinement. 28 C.F.R. §§ 542.10-542.19. Ordinarily, an inmate must first attempt to informally resolve the issues with a staff member. 28 C.F.R. § 542.13. If informal resolution is not successful, the inmate may file a formal written complaint addressed to the Warden. 28 C.F.R. § 542.14. If the inmate is not satisfied with the Warden's response, that response may be appealed to the Regional Director. 28 C.F.R. § 542.15. If the inmate is not satisfied with the Regional Director's response, that response may be appealed to the General Counsel. Id. The administrative process is exhausted when the General Counsel issues a ruling on the appeal. 28 C.F.R. 542.15.

For the reasons stated, the court concludes that Lyons's petition must be dismissed. Accordingly, the court will grant the respondent's motion. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 18th day of May, 2006.

*/s/ Glen Conrad*
United States District Judge

3